UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MEI MEI HU, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v.  § | Civil Action No. 3:22-CV-2432-X |
| § | |
| ASK AMERICA, LLC, § | |
| § | |
| *Defendant*. § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Mei Mei Hu, filed this *First Amended Motion to Remand to State Court*. [Doc. No. 17]. Having reviewed the briefing and the law, the Court **DENIES** the motion.

**I.  Factual Background**

Hu serves as the Chief Executive Officer of Vaxxinity, Inc. ("Vaxxinity"), and her husband, Louise Reese IV, serves as the Executive Chairman of the Board of Vaxxinity. Ask America, LLC ("Ask America") agreed to invest in Vaxxinity and signed a "Guaranty" agreement (the "Guaranty"). Now, in its response to Hu's motion to remand, Ask America says that Hu and Reese fraudulently induced Ask America to buy $20 million in Vaxxinity stock through the Guaranty. Hu, however, brought this action in search of a declaratory judgment that the Guaranty agreement is null and unenforceable.

Hu initially sued in Dallas County District Court on May 27, 2022. On October 31, 2022, Ask America removed the case to the Northern District of Texas on diversity

1

grounds. Hu moved to remand the case. Now, Hu files this amended motion to remand.

Hu's motion to remand centers around the Guaranty—the same one she seeks to nullify. In relevant part, the Guaranty states the following:

> GUARANTOR HEREBY IRREVOCABLY SUBMITS AND CONSENTS TO THE EXCLUSIVE PERSONAL JURISDICTION AND VENUE OF ANY STATE OR FEDERAL COURT IN TEXAS LOCATED IN DALLAS COUNTY, TEXAS, AND AGREES THAT ALL ACTIONS OR PROCEEDINGS ARISING DIRECTLY, INDIRECTLY OR OTHERWISE IN CONNECTION WITH, OUT OF, RELATED TO OR FROM THIS GUARANTY SHALL BE LITIGATED ONLY IN ONE OF THE FOREGOING DESCRIBED COURTS. CREDITOR, FOR ITSELF, ITS HEIRS, SUCCESSORS AND ASSIGNS AND ANY PERSON CLAIMING UNDER OR THROUGH ANY OF THEM, HEREBY KNOWINGLY WAIVES ANY AND ALL RIGHTS TO HAVE THE JURISDICTION AND VENUE OF, AND ANY LITIGATION ARISING DIRECTLY, INDIRECTLY OR OTHERWISE IN CONNECTION WITH, OUT OF, OR RELATED TO OR FROM THIS GUARANTY IN ANY OTHER COURT, AND CREDITOR **HEREBY KNOWINGLY WAIVES ANY AND ALL RIGHTS [] TO TRANSFER, DISMISS, OR CHANGE VENUE TO, TO REMOVE AN ACTION TO, OR TO TRANSFER, DISMISS, OR CHANGE VENUE TO ANY OTHER COURT**.[1]

## II. Legal Standard

"For a contractual clause to prevent a party from exercising its right to removal, the clause must give a clear and unequivocal waiver of that right."[2] "The very presence of ambiguity indicates that the clause does not contain a 'clear and unambiguous' waiver of removal rights and is therefore ineffective as a waiver."[3] The

---

[1] Doc. No. 1-7 at 4 (emphasis added).

[2] *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) (cleaned up).

[3] *Id.* at 505–06.

Fifth Circuit has identified three ways in which a party may waive its rights: "A party may waive its rights by explicitly stating that it is doing so, by allowing the other party the right to choose venue, or by establishing an exclusive venue within the contract."[4]  "[A]ny doubt about the propriety of removal must be resolved in favor of remand."[5]

### III.   Analysis

The parties agree that for a contractual clause to prevent removal, the clause must give a clear and unequivocal wavier of that right.  But they disagree on the interpretation of the contract.

Hu's cumulative argument is that the suit must be filed in federal or state court in Dallas County, and that it cannot be transferred or removed once the case is properly filed in one of those courts.   First, Hu urges, the Guaranty establishes an exclusive venue with its language stating, "HEREBY IRREVOCABLY SUBMITS AND CONSENTS TO THE EXCLUSIVE PERSONAL JURISDICTION AND VENUE OF ANY STATE OR FEDERAL COURT IN TEXAS LOCATED IN DALLAS COUNTY, TEXAS, AND AGREES THAT ALL ACTIONS OR PROCEEDINGS [arising out of the Guaranty] SHALL BE LITIGATED ONLY IN ONE OF THE FOREGOING DESCRIBED COURTS."[6]  Since Hu originally brought the action in state court in Dallas County—one of the two proper options under the Guaranty—

---

[4] *Id.* at 504.

[5] *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

[6] Doc. No. 1-7 at 4.

3

she argues that state court in Dallas County is now the "only" court in which the dispute "shall be litigated."

Second, Hu argues that, in accordance with the Fifth Circuit standard, the Guaranty explicitly waives the right to removal when it says, "CREDITOR HEREBY KNOWINGLY WAIVES ANY AND ALL RIGHTS OR TO TRANSFER, DISMISS, OR CHANGE VENUE TO, TO REMOVE AN ACTION TO, OR TO TRANSFER, DISMISS, OR CHANGE VENUE TO ANY OTHER COURT."[7]  Hu argues that because the Guaranty only includes two options for where the litigation may occur (state or federal court in Dallas County), the right to removal explicitly waived in the Guaranty must refer to this exact scenario.

Ask America argues that the Guaranty language does not permit Hu's interpretation or, in the alternative, that the language is ambiguous.  In sum, Ask America's argument is that the Guaranty permits litigation in either federal or state court in Dallas County and that Hu does not have the right to choose either of those venues.  More specifically, Ask America explains that the removal clause only disallows removal to a court *other than* federal or state court in Dallas County, and that it is therefore not a blanket prohibition on all removal in every situation.

"In construing a written contract, the primary concern of the court is to ascertain the true intentions of the parties as expressed in the instrument."[8]  And "[t]o achieve this objective, courts should examine and consider *the entire writing* in

---

[7] *Id.*

[8] *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983).

4

an effort to harmonize and give effect to *all the provisions* of the contract so that none will be rendered meaningless."[9]

The primary confusion in the Guaranty agreement lies in the phrase, "CREDITOR HEREBY KNOWINGLY WAIVES ANY AND ALL RIGHTS [] TO TRANSFER, DISMISS, OR CHANGE VENUE TO, TO REMOVE AN ACTION TO, OR TO TRANSFER, DISMISS, OR CHANGE VENUE TO ANY OTHER COURT."

What does "any other court" mean? Ask America argues it means "any court other than the earlier mentioned state or federal court." Hu contends that "any other court" means "any court other than the court where the suit was first filed." In the context of the entire Guaranty agreement, "courts" means state or federal court in Dallas County. So forbidding removal or transfer to "any other court" means any court other than state or federal court in Dallas County.

Even if we needed dictionaries (and we don't), they only confirm the contextual interpretation. Merriam-Webster defines "any other" as an idiom "used to refer to a person or thing that is not particular or specific but is not the one named or referred to."[10] So, because "any other" modifies the word "court," the "court" it references is neither a particular nor a specific court, but it is not the court referred to in the phrase "any other court." Therefore, using contextual context and dictionaries, Dallas state court and Dallas federal court are the only two viable options for the location in which the litigation can take place. The creditor, meanwhile, gave up his right to remove

---

[9] *Id.*

[10] *Any Other*, MERRIAM-WEBSTER, (last accessed May 16, 2023), https://merriam-webster.com/dictionary/any%20other.

5

the case to any other court *but* state or federal court in Dallas County. Therefore, when taken together, the Guaranty's removal clause is best defined in the following way: The guarantor submits to jurisdiction and venue exclusively in state or federal court in Dallas County, Texas, and the creditor waives all rights to transfer, dismiss, change venue, or remove the action to any court outside of state or federal court in Dallas County, Texas. Ask America's interpretation is correct.

### IV. Conclusion

In conclusion, the phrase, "CREDITOR HEREBY KNOWINGLY WAIVES ANY AND ALL RIGHTS [] TO TRANSFER, DISMISS, OR CHANGE VENUE TO, TO REMOVE AN ACTION TO, OR TO TRANSFER, DISMISS, OR CHANGE VENUE TO ANY OTHER COURT" waives the creditor's right to remove the case outside of state or federal court in Dallas, County, Texas, but it does not waive his right to remove the case from state court in Dallas County to federal court in Dallas County. Accordingly, the Court **DENIES** the motion to remand.

**IT IS SO ORDERED** this 14th day of July, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

6