UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MEI MEI HU, § § *Plaintiff,* § § v. § § ASK AMERICA, LLC, § § *Defendant/Counter-Plaintiff,* § § v. § § VAXXINITY, INC., MEI MEI HU, § and LOUIS GARFIELD REESE, IV, § § *Counter-Defendant and Third-* § *Party Defendants.* § | Civil Action No. 3:22-CV-2432-X |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff/Counter-Defendant Mei Mei Hu and Third-Party Defendants Louis Garfield Reese, IV, and Vaxxinity, Inc.'s motions to dismiss. (Docs. 47, 52). Having considered the motions, the underlying facts, and the applicable caselaw, the Court **DENIES** the motions.

**I. Background**

This is an alleged breach of contract and fraud case. Vaxxinity was going public with an Initial Public Offering ("IPO") set to occur on November 11, 2021. The day before the IPO, Hu and Reese allegedly told Defendant/Counter-Plaintiff Ask America, LLC that another investor, James Chui, committed to buying $20 million of common stock in the IPO, but his money was tied up in banks overseas so he could

1

not transfer the money before the IPO closing date. According to Ask America, Hu and Reese represented that if Ask America would purchase the $20 million of Vaxxinity stock, Chui would repurchase the stock in three months. Hu and Reese also stated they would personally pay Ask America for any investment losses and guaranty a minimum return on investment of $3.6 million. Hu, Reese, and Ask America subsequently entered into a guaranty contract, and Ask America purchased $20 million of Vaxxinity stock.

Ask America alleges that Chui was unaware of Hu and Reese's representations and not willing or able to repurchase the $20 million in Vaxxinity shares. Hu and Reese maintain that Ask America never had an agreement in place with Chui, and therefore, the conditions precedent to the guaranty contract were never met.

Hu filed this action seeking a declaratory judgment finding the guaranty contract at issue was unenforceable and void. Ask America filed counterclaims against Hu, Reese, and Vaxxinity alleging breach of contract, violations of the Texas Securities Act, and fraud. Hu, Reese, and Vaxxinity filed the present motions to dismiss Ask America's counterclaims for failure to state a claim. The motions are ripe for this Court's consideration.

## II. Legal Standard

Federal Rule of Civil Procedure 8 requires a pleading to state "a short and plain statement of the claim showing that the pleader is entitled to relief."[1] The pleading standard does not require detailed factual allegations, but "[t]hreadbare recitals of a

---

[1] Fed. R. Civ. P. 8(a)(2).

2

cause of action, supported by mere conclusory statements, do not suffice."[2] For a complaint to survive a motion to dismiss under Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[3] A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[4]

For purposes of a motion to dismiss, courts must accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff.[5] "In other words, a motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts."[6]

### III. Analysis

Hu, Reese, and Vaxxinity move to dismiss each of Ask America's counterclaims. The Court considers each in turn.

#### A. Breach of Contract

In Texas, a breach-of-contract plaintiff must allege: "1) the existence of a valid contract; 2) performance or tendered performance by the plaintiff; 3) breach of the

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] *Id.*

[4] *Id.*

[5] *Muhammad v. Dallas Cnty. Cmty. Supervision & Corrs. Dep't.*, 479 F.3d 377, 379 (5th Cir. 2007).

[6] *Ramming v. U.S.*, 281 F.3d 158, 161–62 (5th Cir. 2001).

contract by the defendant; and 4) damages to the plaintiff resulting from the breach."[7] Here, the parties agree that the contract exists, but the issue concerns its interpretation. As the Court explained in its prior order, determining whose interpretation should prevail is an issue for summary judgment.[8] For purposes of the present motions to dismiss, Ask America's counterclaim contains sufficient factual matter to plausibly allege a claim for relief.

## B. Fraud

For fraud claims, Rule 9(b) requires a heightened pleading standard. In a complaint, plaintiffs must "state with particularity the circumstances constituting fraud or mistake."[9] Rule 9(b) requires the who, what, when, where, and how to be laid out in the complaint and pleaded with particularity.[10] Under Texas law, to establish a claim for fraudulent inducement, the plaintiff must allege a "misrepresentation[] that defendant knew . . . was false and intended [to] induce plaintiff to enter into the contract through that misrepresentation; that plaintiff actually relied on the misrepresentation in entering into the contract; and that

---

[7] *Lewis v. Bank of Am.*, 343 F.3d 540, 545 (5th Cir. 2003).

[8] *See* Doc. 24.

[9] FED. R. CIV. P. 9(b).

[10] *Pipefitters Local No. 636 Defined Benefit Plan v. Zale Corp.*, 499 F. App'x 345, 349 (5th Cir. 2012); *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir. 1993).

4

plaintiff's reliance led plaintiff to suffer an injury through entering into the contract."[11]

Ask America's counterclaim contains sufficient factual allegations to establish the who, what, when, where, why, and how for its fraud claim. Specifically, it alleges that on November 10, 2021, Hu and Reese, knowing that they were $20 million short for the IPO, falsely told Ask America that Chui committed to buying $20 million of common stock in the IPO, but his money was tied up in banks overseas so he could not transfer the money before the IPO closing date. Hu and Reese then falsely represented that if Ask America would purchase the $20 million of Vaxxinity stock, Chui would repurchase the stock in three months, and Hu and Reese also would personally pay Ask America for any investment losses and guaranty a minimum return on investment of $3.6 million. Ask America subsequently purchased $20 million of Vaxxinity stock, but Chui was unaware of these representations and not willing or able to repurchase the $20 million in Vaxxinity shares.

Taking these well-pled facts as true, as the Court is required to do at this stage, the Court concludes that Ask America has plausibly alleged its fraud claim.

### C. Texas Securities Act

"The Texas Securities Act (the "TSA") creates causes of action for securities fraud against various parties, including sellers of securities and aiders and abettors. Regarding sellers of securities, the TSA states:

> A person who offers or sells a security ... by means of an untrue statement of a material fact or an omission to state a material fact

---

[11] *Hoffman v. L & M Arts*, 838 F.3d 568, 576 (5th Cir. 2016) (cleaned up).

necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, is liable to the person buying the security from him .... However, a person is not liable if he sustains the burden of proof that either (a) the buyer knew of the untruth or omission or (b) he (the offeror or seller) did not know, and in the exercise of reasonable care could not have known, of the untruth or omission."[12]

Here, Hu, Reese, and Vaxxinity contend that the guaranty contract is not a security, and therefore, the Court should dismiss Ask America's TSA counterclaims. But, as Ask America notes, it plausibly alleged that the guaranty contract is an investment contract. Investment contracts are securities, and an investment contract is

> a contract, transaction, or scheme through which a person pays money to participate in a common venture or enterprise with the expectation of receiving profits, under circumstances in which the failure or success of the enterprise, and thus the person's realization of the expected profits, is at least predominately due to the entrepreneurial or managerial, rather than merely ministerial or clerical, efforts of others.[13]

Ask America alleged that it invested $20 million in common stock in Vaxxinity for its IPO, with the expectation of receiving profits from a combination of Vaxxinity's performance, Hu and Reese's payment of its losses and a minimum return on investment, and Chui's repurchase of the shares. Thus, Ask America plausibly alleged that the agreement was an investment contract, i.e., a security for purposes of the TSA. The counterclaims should not be dismissed on this basis.

---

[12] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 343 (5th Cir. 2008) (quoting Tex. Rev. Civ. Stat. Ann. art. 581–33(A)(2)).

[13] *Life Partners, Inc. v. Arnold*, 464 S.W.3d 660, 681 (Tex. 2015).

## IV. Conclusion

For the reasons explained above, the Court **DENIES** the motions to dismiss. (Docs. 47, 52). Accordingly, the parties shall file a joint proposed amended scheduling order by July 15, 2024.

**IT IS SO ORDERED** this 1st day of July, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE